

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF  
Paula Xinis  
UNITED STATES DISTRICT JUDGE

6500 Cherrywood Lane  
Greenbelt, MD 20770  
(301) 344-0653

November 29, 2018

Re:   17-2826, *Rosier v. Civista Medical Center, Inc.*

### LETTER ORDER

Pending before the Court is Defendant's Motion to Dismiss and For Monetary Sanctions (ECF No. 21) and Motion to Seal the Supporting Exhibits. ECF No. 23. Plaintiff has responded and has confirmed that because the matter has settled, the parties stipulate to dismissal consistent with the terms of settlement. ECF No. 25. The Court approved the stipulation of dismissal. ECF No. 27.

### I.   Motion for Sanctions

Defendant requests that Plaintiff's counsel is sanctioned for failing to abide by the terms of the settlement agreement and file a stipulation of dismissal several months ago. As a consequence of Plaintiff counsel's dereliction, Defendant has incurred additional costs associated with participating in a recorded conference with the Court to ascertain the status of the case (ECF No. 19) and responding in writing to the Court's inquiry with respect to Plaintiff's failure to file a timely stipulation of dismissal several months ago. Plaintiff's counsel did not participate in the conference call despite having received notice of the same. Plaintiff's counsel cites to a non-specific "computer error" which caused counsel "not [to] see the notice." ECF No. 25 ¶ 4.

In light of the historic lack of diligence in responding to the Court's orders from Plaintiff's counsel, the Court issued a show cause order as to whether sanctions should be imposed. ECF No. 20. Plaintiff's counsel, in response, notes that she was "overwhelmed at the time with the pressures of practice, being short-staffed, and other events going on in Counsel's private life." ECF No. 25 ¶ 3.

Although the Court is sympathetic to such pressures, they are no different than what any attorney faces, and cannot excuse an attorney's duty to comply with the Court's orders as well as meet the obligations necessary for effective representation. Nor is this an isolated incident with Plaintiff's counsel. Accordingly, the Court grants Defendant's motion for sanctions (ECF No. 21) and will award reasonable fees and costs. Defendant will be given until December 6, 2018 to submit a separate petition itemizing the fees and costs associated with preparing and responding to the Court's Orders regarding the status of this case as of October 25, 2018.

## II.    Motion to Seal

The Court also grants Plaintiff's Motion to File Under Seal Supporting Exhibits 1-3 of its Motion to Dismiss and for Monetary Sanctions. ECF No. 23. Before granting a motion to seal, the parties must rebut the general presumption that the public enjoys free and unfettered access to court records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

The exhibits contain confidential settlement information. ECF No. 22-1. The bare fact that a settlement agreement is confidential is insufficient to grant a motion to seal. *Interstate Fire & Cas. Co. v. Dimensions Assur. Ltd.*, No. GJH-13-3908, 2014 WL 6388334, at *1 (D. Md. Nov. 13, 2014). However, this Agreement came before the Court only upon Court order (ECF No. 20 at 2); it was not brought into the public record on the parties' own accord. *See Hughes v. J.P. Morgan Chase Bank, N.A.*, Nos. RDB-16-806, RDB-16-2311, 2016 WL 6476278, at * 2 (D. Md. Nov. 2, 2016) (ordering filing of settlement agreement under seal). Thus, the Court grants the motion to seal. ECF No. 23.

Although informal, this correspondence constitutes an Order of the Court and shall be docketed as such.

                              Sincerely,

                              _____/S/_____
                              PAULA XINIS
                              United States District Judge