# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRENDA L. ROSIER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:17-cv-2826-PX |
| CIVISTA MEDICAL CENTER, INC. | * | |
| Defendant. | * | |

\*\*\*

## MEMORANDUM OPINION AND ORDER

On January 9, 2019, this Court ordered counsel for Plaintiff to pay $1,898.50 in sanctions for "repeated failures to adhere to Court orders" and "failure to conclude this matter consistent with the terms of the settlement agreement." ECF No. 30 at 1. The Court required Plaintiff's counsel to pay the sanctions by February 8, 2019. *Id.* On February 11, 2019, Defendant's counsel notified the Court that no payment has been made. ECF No. 31.

The failure of Plaintiff's counsel to comply with the Court's Order is part of a consistent and "historic lack of diligence." ECF No. 28 at 1. Previously, "Plaintiff's counsel [was] forewarned that the Court [was] considering sanctioning counsel, to include possible contempt." ECF No. 20 at 1. Counsel's continued refusal to comply with this Court's Order will leave the Court no choice but to hold counsel in contempt.

The Court "may impose sanctions for civil contempt 'to coerce obedience to a court order.'" *In re Gen. Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995) (quoting *Connolly v. J.T. Ventures*, 851 F.2d 930, 932 (7th Cir. 1988)). Where fines are futile in achieving compliance, "the Court must consider a more severe sanction." *Enovative Techs., LLC v. Leor*, 110 F. Supp. 3d 633, 637 (D. Md. 2015). Indeed, "[t]he paradigmatic coercive, civil contempt sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative command."

*Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994). The Court may "order that a warrant be issued for [the contemnor's] immediate arrest and that he be held in jail as a coercive sanction for civil contempt, unless and until he purges himself of contempt and complies with" the Court's Order. *Enovative Techs.*, 110 F. Supp. 3d at 637.

Plaintiff's counsel will receive no further warning. Plaintiff's counsel must satisfy the previously-imposed monetary sanction immediately. Failure to do so absent a showing of good cause will result in this Court's holding counsel in contempt and taking all necessary steps to secure counsel's personal appearance, to include issuing an arrest warrant and detaining counsel until the prior Order is satisfied.

Accordingly, it is this 19th day of February 2019, by the United States District Court for the District of Maryland, ORDERED that within **14 days** of this Memorandum Opinion and Order, Plaintiff's counsel must either satisfy the monetary sanction consistent with this Court's prior order dated January 9, 2019 (ECF No. 30), or show good cause why counsel should not be held in contempt for failure to comply.

2-19-2019_____ \_\_\_\_/S/_____
Date                                                                           Paula Xinis
                                                                               United States District Judge